IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMES CHRISTOPHER McMILLAN,

    Plaintiff,

v.

CIVIL ACTION NO.: CV611-133

HOLLI DEAL BRAGG; LYNN
ANDERSON; BILL BLACK;
and VON WEAVER,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff James Christopher McMillan ("Plaintiff"), an individual currently incarcerated at Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff alleges that Defendant Holli Deal Bragg, an editor for the Statesboro Herald, published information relating to Plaintiff's twelve-year-old conviction for armed robbery. Plaintiff states that the publication of this information has prejudiced his pending criminal case by causing him to be deprived of a trial by an impartial jury. Plaintiff also states that the publication of this information was an invasion of his privacy and a defamation of his character. Finally, Plaintiff avers that the publication of this

\O 72A
Rev. 8/82)

information violated his right to equal protection under the Fourteenth Amendment because his co-defendant's prior criminal history was not published.

Plaintiff fails to make any allegations that Defendant Bragg was a person acting under color of state law at any time. Additionally, Plaintiff has not shown how Defendant Bragg's action of publishing Plaintiff's prior criminal history violated any of his constitutional rights. "[C]laims of libel and slander do not state a violation of federal law and are not cognizable in a section 1983 civil rights action." Charles v. Scarberry, 340 F. App'x 597, 599–600 (11th Cir. 2009) (citing Paul v. Davis, 424 U.S. 693 (1976)). Plaintiff has failed to meet either prong of the Hale test; as a result, Plaintiff has failed to state a claim under § 1983 against Defendant Bragg.

Plaintiff alleges that Defendant Lynn Anderson, an employee of the Bulloch County Sheriff's Department, made two statements, later printed by the Statesboro Herald, that were incriminating with regard to Plaintiff's pending criminal charges. Plaintiff states that these statements deprived him of a fair trial because the statements harmed his character. Additionally, Plaintiff avers that one of the statements attributed to Defendant Anderson is false.

Like Plaintiff's claims against Defendant Bragg, Plaintiff's claims against Defendant Anderson are not sufficient to state a claim under § 1983. Claims of libel and slander are not constitutional violations cognizable in a § 1983 action. Scarberry, 340 F. App'x 599–600.

Plaintiff alleges that Defendant Bill Black, a Bulloch County investigator, charged him with crimes that were not charged against his co-defendant. Plaintiff avers that Defendant Black's decision to charge the co-defendants with different crimes violated

3

Plaintiff's right to equal protection under the Fourteenth Amendment. Plaintiff also alleges that Defendant Anderson failed to correct his investigator (presumably Defendant Black) and failed to ensure that the charges against Plaintiff and his co-defendant were the same.

Plaintiff has failed to state a violation of his constitutional rights by Defendants Black or Anderson with regard to the charges brought against him. Plaintiff does not have the right to be charged with the exact same crimes as his co-defendant; the charges against each defendant reflect the government's assessment of each defendant's culpability. See generally United States v. Bays, 433 F. App'x 719 (11th Cir. 2011) (wherein co-defendants received different sentences in part because they were charged with different crimes). Because Plaintiff has not alleged a constitutional violation against Defendants Black and Anderson, his claims against them should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Bragg, Anderson, and Black be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 5th day of March, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE