IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMES CHRISTOPHER McMILLAN,

    Plaintiff,

v.

VONNE WEAVER,

    Defendant.

CIVIL ACTION NO.: CV611-133

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff James Christopher McMillan ("Plaintiff"), an inmate currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Bulloch County Jail in Statesboro, Georgia. Defendant Vonne Weaver ("Defendant") filed a Motion to Dismiss. By Order dated May 23, 2012, the Court instructed Plaintiff to file any objections to Defendant's Motion to Dismiss within twenty-one (21) days of the date of that Order. By Order dated June 22, 2012, the Court acknowledged Plaintiff's June 4, 2012, notice of change of address and instructed Plaintiff to file any objections to Defendant's Motion to Dismiss by July 18, 2012. Plaintiff has failed to object to Defendant's Motion. However, because Plaintiff is pro se, the undersigned will not summarily recommend granting

Defendant's Motion and will, instead, assess the merits of Defendant's Motion to Dismiss. For the following reasons, Defendant's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff alleges that Defendant, a nurse at Bulloch County Jail, denied him medical attention in relation to a spider bite on four different occasions. Plaintiff contends that he told Defendant that his foot was swollen and that it hurt to walk. Plaintiff also states that his foot turned a dark color. Defendant asserts that Plaintiff's Complaint should be dismissed because Plaintiff failed to exhaust the administrative remedies available to him and because Plaintiff has failed to state a claim.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. Once findings are made on disputed issues of fact, the court must decide, based on those findings, whether the inmate has exhausted available administrative remedies. Id.

2

## DISCUSSION AND CITATION TO AUTHORITY

The Prison Litigation Reform Act mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust administrative remedies, a prisoner must "properly take each step within the administrative process." Johnson v. Meadows, 418 F.3d 1152, 1158 (11th Cir. 2005) (citation omitted). An inmate "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. (citation omitted). If under the plaintiff's version of the facts the plaintiff has not exhausted his administrative remedies, the court must dismiss the plaintiff's complaint. Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008); see also Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (stating that "[a] complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint").

Defendant asserts that Plaintiff admitted on the face of his Complaint that he has not exhausted all of the administrative remedies available to him. In response to the question, "Did you appeal any adverse decision to the highest level possible in the administrative procedure?", Plaintiff marked the space labeled "no". Because it is clear from the face of Plaintiff's Complaint that Plaintiff failed to exhaust his administrative remedies with respect to the claim presented in the instant action, Plaintiff's Complaint should be dismissed. Defendant's remaining ground for dismissal need not be addressed.

3

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

**SO REPORTED AND RECOMMENDED**, this 31st day of July, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE